JAMES GUNN *vs.* PATRICK H. McCABE.

JANUARY 12, 1928.

PRESENT: Sweetland, C. J., Rathbun, Sweeney, and Barrows, JJ.

BARROWS, J. Defendant is here on five exceptions to action of the Superior Court in or following a jury trial which resulted in a verdict for plaintiff for $2,326.37.

The case was assumpsit for money had and received. The defence was payment. The first exception related to the admission of certain evidence by plaintiff denying an indebtedness of $500 at the time of the first of six assignments of wages. $500 was the amount of debt stated in the assignment. Defendant asserts in his brief that the evidence was not material to the issue in addition to being an attempt to dispute his own written assignment. The trial court considered the evidence admissible to show that the assignment was never in fact a valid one, if the jury should find that no debt existed and plaintiff was deceived. We find no error in the ruling.

The third and fourth exceptions relate to refusals to charge as requested. The subject matter of the requests was adequately covered in the charge given. The fifth exception is to the refusal to grant defendant's motion for a new trial on the ground that the verdict was against the evidence. If the case was properly submitted to the jury the verdict was warranted by the evidence. The only exception therefore requiring detailed examination is the second, which is directed to the trial court's refusal to direct a verdict for defendant.

The facts were unusual. Plaintiff, a simple-minded man, now about thirty-six years old, could not read or write. He worked for the Union Wadding Co. from 1918 to 1926, living at the defendant's boarding house in a very simple manner and voluntarily assisting about the house. During all this time defendant collected his wages under the several assignments above referred to. The total amount collected by defendant was $7,245.66, as shown by the books of the Union Wadding Co. Out of this he took a weekly charge for board ranging from seven to twelve dollars, gave plaintiff

a small amount for spending money, bought for plaintiff an occasional suit of clothes, pair of shoes, shirts and underclothes, and kept the balance. Plaintiff said defendant told him that the money was being put in the bank for him. Defendant kept a very fragmentary record of the money which he spent for the plaintiff, and no record at all of the money which he collected. The only way, therefore, by which plaintiff could establish the amount of money collected by the defendant was from the records of the Union Wadding Company.

In cross-examination of plaintiff he was shown a black book, Defendant's Exhibit A, and asked if he had not made his mark therein on fourteen receipts. None of these receipts showed any amounts paid. They purported to be for all money due Gunn and to express his satisfaction. They were not in chronological order. Gunn denied ever having placed his mark in that or any other book. In meeting plaintiff's case defendant put in evidence this book. The receipts are so scattered through the book, and so lacking in sequence as to be open to question. The last two purported to be dated May 31, 1926, and July 14, 1926, respectively. These entries were all in defendant's writing, witnessed mostly by defendant and his son and having a cross said to be plaintiff's mark. The manner of keeping the book was irregular. Many pages were torn out in whole or in part and the book itself warranted grave doubt of the reliability of its entries to establish their truth. It was on this book that defendant relied in moving for a directed verdict. He claimed that it established full payment and was not rebutted because plaintiff did not take the stand again and deny *seriatim* the making of the marks on the various receipts.

In reply to defendant's motion, the court said: "Under those circumstances I can not say that a receipt written out by this defendant himself, signed by a cross by this plaintiff, with knowledge that he could neither read nor write, is such an absolute legal defence that the plaintiff

has no case to submit to a jury. I think it is a question of fact." In this view the court was correct. There is nothing therein at variance with *Millard* v. *Hall*, 135 Atl. 855, or *Lewis* v. *Bull*, 48 R. I. 166. Defendant's explanations of his expenditures for plaintiff and the circumstances surrounding the alleged making of the receipts were so unusual, some of them showed such obvious impositions upon plaintiff, the entries were so haphazard, and even in cold type the evasiveness of defendant's testimony so plain that the court might well have hesitated to accept the receipts as conclusive evidence of payment even if plaintiff had not denied making the crosses. When to the above is added the impression of the defendant's lack of veracity made upon the trial justice as described in his rescript and plaintiff's denial in cross-examination that he ever made his mark in the black book, it is clear that direction of a verdict for defendant would have been improper. To the jury correctly was left the determination of whether the receipts offered as evidence of payments were what they purported to be. *Nicholson* v. *Fraser*, 4 Harrington (Del.) 206. The court's ruling on defendant's motion was in full accord with *Eagle Brewing Co.* v. *Colaluca*, 38 R. I. 224. It was not plaintiff's duty after the introduction of the receipts by defendant to retake the stand and again deny their execution. A complete denial had once been brought out in cross-examination. A reiteration in rebuttal would have added nothing to it. The evidence was as much a part of that to be considered in passing upon defendant's motion for a directed verdict as it would have been if restated in rebuttal. Regardless of the order in which the testimony is given, if the material evidence on the entire record is conflicting a verdict can not be directed by the trial court.

All of the defendant's exceptions are overruled and the case is remitted to the Superior Court for the entry of judgment on the verdict.

*James J. McCabe, Gertrude Friedman,* for plaintiff.
*Francis B. Condon,* for defendant.